### Lyman E. Crandall v. John Barton Payne.

1.   ASSUMPSIT—*Money Due upon the Happening of an Event.*—Where a payment is to be made upon the happening of an event, suit can only be brought after the event upon which the payment depended has happened.

**Memorandum.**—Assumpsit.   Error to the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding.   Heard in this court at the March term, 1894, and affirmed.   Opinion filed March 29, 1894.

The opinion states the case.

Crandall v. Payne.

Brief of Plaintiff in Error, C. Stuart Beattie, Attorney.

The action for money had and received is an equitable action. It lies whenever one has received money which *ex equo et bono* belongs to another. Pells v. Snell, 31 App. Ct. 164; Taylor v. Taylor, 20 Ill. 650; Alderson v. Ennor, 45 Ill. 128; Belden v. Perkins, 78 Ill. 449.

Defrees, Brace & Ritter, attorneys for defendant in error.

Mr. Justice Gary delivered the opinion of the Court.

A complicated real estate trade was in progress between others than the parties to this suit, pending which money was placed by them in the hands of the defendant in error upon terms expressed in writing, as follows:

"It being understood that $1,000, of the $5,000 herein mentioned, is going to L. E. Crandall, it is understood that said $1,000 is to be retained by said Payne until the matter of said lots and farm is closed, not exceeding said fifteen days.

Dated April 14, 1891."

The plaintiff in error was no party to the trade, but the title to the lots was to come from him to one of the parties. He does not seem to have been in fault, and yet between the parties "the matter of said lots and farm" was never "closed." His argument now is "that this was to be done within fifteen days, but whether or not done within that time, plaintiff in error was not to suffer; the $1,000 was to be paid to him at the expiration of the fifteen days at all events."

There was no contract between him and anybody as to this money, and conceding that he might sue for money had and received by a stranger who had received money to be paid to him, yet he could only sue after the event upon which the payment depended had happened. That event could never happen so long as "the matter" was not "closed," however stringent the arrangement between the parties as to the time in which it should happen.

The judgment is affirmed.